IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JEFFREY SMITH; et al.,                                          Civil No. 05-3084-CO

       Plaintiffs,                                  FINDINGS AND RECOMMENDATION

  v.

GUIDEONE MUTUAL INSURANCE
COMPANY,

       Defendant.

COONEY, Magistrate Judge:

    Defendant GuideOne Mutual Insurance Company removed this action in which plaintiffs seek money damages based on insurance contract. Defendant has filed a counterclaim for declaratory judgment, seeking a declaration that plaintiffs are not entitled to uninsured/underinsured benefits pursuant to a policy of insurance issued by it to Ashland Christian Fellowship. This court has jurisdiction pursuant to 28 U.S.C. § 1332. Before the court is defendant's motion for summary judgment (#9) as to its counterclaim, which plaintiffs oppose. The court invited subsequent argument and conducted a

second hearing to clarify matters.

## I. FACTS

In making the following findings of fact, the court construes the facts in the light most favorable to the non-movant:

Defendant GuideOne issued to Ashland Christian Fellowship a Business Auto Policy, No. 3761-308-ARC, in effect from February 10, 2003, to February 10, 2004.  (Def. Ex. A.)

The policy provides liability coverage with a combined single limit of $1,000,000.  (Def. Ex. A, p. 3.)

The policy also provides uninsured motorist/underinsured motorist ("UM/UIM") bodily injury coverage with a limit of $1,000,000 "each 'accident.'"  (Def. Ex. A, pp. 3, 6, 9.)

The "Oregon Uninsured Motorists Coverage – Bodily Injury" endorsement to the policy provides in part:

> **A. Coverage**
> 1. We will pay all sums the "insured" is legally entitled to recover as compensatory damages from the owner or driver of an "uninsured motor vehicle". The damages must result from "bodily injury" sustained by the "insured" caused by an "accident". The owner's or driver's liability for these damages must result from the ownership, maintenance or use of the "uninsured motor vehicle".

(Def. Ex. A, p. 9.)

Findings and Recommendation - Page 2

The UM/UIM endorsement states that "An Insured" include the following:

> 3. Anyone . . . "occupying" a covered "auto" or a temporary substitute for a covered "auto". . . .
> 4. Anyone . . . "occupying" an "auto" you are operating.

(Def. Ex. A, p. 9.)

The UM/UIM portion of the policy contains the following language:

> As used in this endorsement:
> . . . .
> 3. "Uninsured motor vehicle" means a land motor vehicle or trailer:
> . . . .
> b. That is an underinsured motor vehicle. An underinsured motor vehicle is a motor vehicle or trailer for which a liability bond or policy applies at the time of an "accident", but its limit for "bodily injury" liability is either:
> . . . .
> (2) Reduced by payments to others injured in the accident to an amount which is less than the limit of liability for this coverage.

(Def. Ex. A, p. 12.)

The "Limit of Insurance" section of the UM/UIM endorsement provides in part:

> 1. Regardless of the number of covered "autos", "insureds", premiums paid, claims made or vehicles involved in the "accident", the most we will pay for all damages resulting from any one "accident" is the Limit of Insurance for Uninsured Motorist Coverage shown in the Schedule or Declarations.
> 2. The limit of insurance under this coverage shall be reduced by:
> . . . .
> b. All sums paid by or for anyone who is legally responsible, including all sums paid under this Coverage Form's Liability

Findings and Recommendation - Page 3

Coverage.

(Def. Ex. A, p. 10.)

On August 17, 2003, a 15-passenger van driven by Jeremy Hascall, who served as a youth pastor for Ashland Christian Fellowship, was involved in a single-vehicle accident. (Pl. Compl. ¶ 2; Def. Ex. B Abels Decl. ¶¶ 2-3.)

The van is a "covered 'auto'" for purposes of liability and UM/UIM coverage under the policy. (Def. Ex. A, pp. 3, 4, 7.)

Plaintiff Kelsey Smith was a passenger in the van at the time of the accident. (Pl. Compl. ¶ 2.)

Multiple passengers and their families, including plaintiffs, have asserted liability claims against Ashland Christian Fellowship and Hascall as a result of the accident. (Def. Ex. B, ¶ 2.)

Defendant GuideOne has tendered to claimants the $1,000,000 limit of the policy's liability coverage. (Def. Ex. B, ¶ 4.)

The current claimants, including plaintiffs, have agreed to settle their liability claims against Ashland Christian Fellowship and Hascall for amounts that include the $1,000,000 liability coverage payment tendered by defendant GuideOne. The terms of the settlement agreement currently are being finalized. (Def. Ex. B, ¶ 5.)

While it is true that the settlement of the underlying liability claim

against defendant GuideOne and its insured, Ashland Christian Fellowship, has not been consummated by payment, (Pl. Ex. A Karen Smith Decl. & Attach.), the portion of the $1,625,000 total settlement--$1,000,000 tendered by defendant GuideOne and $625,000 tendered from the Church's private funds--has been allocated among the claimants for over a year. (Pl. Ex. A, pp. 1-3.) The share which plaintiff Kelsey Smith and her parents have agreed to accept has been set at $550,000. (Pl. Ex. A, pp. 2, 3.)

The total value of the damages suffered by plaintiff Kelsey Smith as a result of this accident will not be totally compensated from the funds received from the liability coverage of the GuideOne policy.[1] (Pl. Ex. B Brian Decl. & Attach.) The fair value of the claim exceeds $2,000,000.[2] (Pl. Ex. B, p. 2.)

Defendant has previously admitted that the policy does not contain the UM/UIM policy language permitted under Oregon law by ORS 742.504(2)(e). (Pl. Ex. B, p. 3.)

## II. LEGAL STANDARD

A moving party is entitled to summary judgment as a matter of law "if

---

[1] The parties have agreed to this fact for the purposes of deciding the legal question raised by defendant's motion.

[2] The parties have agreed that the Brian declaration is offered for the purpose of setting the factual context of the legal arguments to be considered in defendant's motion; it is not offered as proof of the value of the claim and defendant is free to contest the claim's value once the legal issues have been resolved.

the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issues as to any material fact . . . ." Fed. R. Civ. P. 56(c); <u>Freeman v. Oakland Unified Sch. Dist.</u>, 291 F.3d 632, 636 (9th Cir. 2002). The court cannot weigh the evidence or determine the truth but may only determine whether there is a genuine issue of fact. <u>Playboy Enters., Inc. v. Welles</u>, 279 F.3d 796, 800 (9th Cir. 2002).

The moving party must carry the initial burden of proof. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-24 (1986). The moving party meets this burden by identifying for the court portions of the record on file which demonstrate the absence of any genuine issue of material fact. <u>Id.</u>; <u>Devereaux v. Abbey</u>, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc). In assessing whether a party has met its burden, the court views the evidence in the light most favorable to the non-moving party. <u>Allen v. City of Los Angeles</u>, 66 F.3d 1052, 1056 (9th Cir. 1995). All reasonable inferences are drawn in favor of the non-movant. <u>Gibson v. County of Washoe</u>, 290 F.3d 1175, 1180 (9th Cir. 2002), <u>cert. denied</u>, 537 U.S. 1106 (2003).

If the moving party meets its burden with a properly supported motion, the burden then shifts to the opposing party to present specific facts which show there is a genuine issue for trial. Fed. R. Civ. P. 56(e); <u>Auvil v. CBS "60</u>

Minutes", 67 F.3d 816, 819 (9th Cir. 1995); see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 & n.4 (1986).  If the moving party presents evidence which, taken by itself, would establish the right to a directed verdict at trial, the motion for summary judgment must be granted, in the absence of any significant probative evidence tending to support the opposing party's theory of the case.  THI-Hawaii, Inc. v. First Commerce Fin. Corp., 627 F.2d 991, 993-94 (9th Cir. 1980); First Nat'l Bank v. Cities Serv. Co., 391 U.S. 253, 290 (1968).  Conclusory allegations, unsupported by factual material, are insufficient to defeat a motion for summary judgment.  Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  Instead, the opposing party must, by affidavit or as otherwise provided by Rule 56, designate specific facts which show there is a genuine issue for trial.  Devereaux, 263 F.3d at 1076.

### III.  DISCUSSION

Defendants move for summary judgment on its counterclaim for declaratory judgment that its policy of insurance issued to Ashland Christian Fellowship does not provide underinsured motorist benefits to plaintiffs, when the only vehicle involved in the underlying accident was a vehicle insured for liability coverage under the policy and defendant has tendered the limits of the policy's liability coverage to the claimants injured in the accident, including plaintiffs.  In support of its motion, defendant contends that

Findings and Recommendation - Page 7

plaintiffs are not entitled to UM/UIM coverage under Oregon's UM/UIM statutes; plaintiffs are not entitled to UM/UIM benefits under the terms of the policy; and its total liability for bodily injury damages arising out of the accident is $1,000,000, and not $2,000,000. Plaintiffs respond that they are entitled to UM/UIM coverage under Oregon's UM/UIM statutes; and they are entitled to UM/UIM benefits under the terms of the policy as defendant's total liability for bodily injury damages arising out of the accident is $2,000,000, and not $1,000,000. Defendant replies that Oregon's UM/UIM statutes provide no UM/UIM coverage under the circumstances; the terms of the policy are more favorable than or neutral to the statutory provisions and, therefore, enforceable; its tender of the "each accident" liability limit reduces the UIM limit to zero, regardless of the amount recovered by plaintiffs; and plaintiffs cite no persuasive authority for their argument that the policy provides $2,000,000, rather than $1,000,000, in coverage for the accident.

As an initial matter, in response to the court's questions, defendant has advised the court that references in the UM/UIM statutory scheme to amounts recovered from "other" automobile liability insurance policies do not affect the result in this single vehicle accident case.

The broad coverage for UM/UIM insurance mandated by ORS 742.502 may be abridged as set forth in ORS 742.504(1-)(12). ORS 742.504(1)-(12)

Findings and Recommendation - Page 8

sets out a comprehensive model UM/UIM policy which may be varied by an insurer "only in the sense that terms that disfavor insureds may be excluded or softened and extraneous terms that are neutral or that favor insureds may be added."  Vega v. Farmers Ins. Co. of Or., 323 Or. 291, 301 (1996).  ORS 742.504(1)-(12) provisions "are the only provisions that disfavor insureds that an insurer may include in a policy for UM/UIM coverage."  Vega, 323 Or. at 302.  "Insurers need not use the exact statutory wording in their policies so long as the provisions provide the limited coverage required by the statutory terms."  Erickson v. Farmers Ins. Co. of Or., 331 Or. 681, 686 (2001) (citing Vega, 323 Or. at 301-02).

When reviewing UM/UIM policy provisions, the validity of a challenged UM/UIM provision is tested by "a comparison between coverage offered by the policy containing the challenged provision and the coverage offered by a hypothetical policy containing the provisions set out at ORS 742.504(1) to (12)."  Vega, 323 Or. at 299.

Where a policy provision is less than favorable to an insured than ORS 742.504(1)-(12) provisions permit, the challenged policy provision is unenforceable.  Erickson, 331 Or. at 686; Vega, 323 Or. at 303.

The court understands defendant's arguments as follows:  plaintiffs are not entitled to UM/UIM coverage under Oregon's UM/UIM statutes because

Findings and Recommendation - Page 9

the model UM/UIM policy set forth in ORS 742.504 does not provide or require UM/UIM coverage under the circumstances of this matter, since the van involved in the accident is not an uninsured or underinsured vehicle under the terms of the statute, citing ORS 742.504(2)(e)(A), which provides: "'Uninsured vehicle' does not include:  (A) An insured vehicle";  defendant then contends that plaintiffs are not entitled to UM/UIM benefits under the terms of the policy because no UM/UIM benefits are available under the circumstances, since the UM/UIM "each accident" limit of insurance has been reduced to zero dollars, citing its "Limit of Insurance" policy endorsement provision, which provides:  "2.  The limit of insurance under this coverage shall be reduced by: . . . . b. All sums paid by or for anyone who is legally responsible, including all sums paid under this Coverage Form's Liability Coverage," (Def. Ex. A at 10).  Defendant argues that, because provision D.2.b is  neutral or more favorable to plaintiffs than the statutory UM/UIM insured vehicle exclusion which would not provide coverage to the insured in the circumstances here, provision D.2.b is an allowable provision and plaintiffs are not entitled to benefits in the circumstances of this case.

      The court believes that defendant reads <u>Vega</u> and other cases construing the UM/UNI statutes too broadly.  That the model policy set forth in ORS 742.504 permits an insurer to include in its definitions in its policy a

Findings and Recommendation - Page 10

provision that "uninsured vehicle" does not include an insured vehicle, ORS 742.504(2)(e)(A), is of no moment, since defendant did not choose to include it in the policy provisions at issue. Such an exclusion could have been clearly stated pursuant to the allowance by statute, but it was not. Accordingly, the case of <u>Wright v. State Farm Mut. Auto. Ins. Co.</u>, 152 Or. App. 101 (1998), <u>rev'd in part on another ground</u>, 332 Or. 1 (2001), cited by defendant, where the policy included a provision derived from ORS 742.504(2)(e)(A), is of no assistance to defendant.

Defendant asserts that its "limit of insurance" provision, D.2.b, is unambiguous, and argues that the provision is either neutral or more favorable to its insured as compared to the model policy provided by statute, which excludes insured vehicles in provision ORS 742.504(2)(e)(A). The court finds that the comparison made by defendant cannot properly be made. <u>See Vega</u>, 323 Or. at 297-300, 302; <u>Erickson</u>, 331 Or. at 685-86. The court requested defense counsel to explain which of the authorized policy provisions of ORS 742.504(1)-(12) addresses the subject matter of its policy provision D.2.b., but the court is not satisfied that defendant responded to the court's question. Defendant's limitation of insurance provision is a generally applicable provision in the UM/UIM policy endorsement; it is not a modification of the model policy exclusion, ORS 742.504(2)(e)(A), in which

Findings and Recommendation - Page 11

case it arguably could be considered either neutral or more favorable to an insured. See Vega, 323 Or. at 302; Erickson, 331 Or. at 685-86. As a general "limit of insurance" provision relating to all UM/UIM insurance, provision D.2.b is clearly less favorable to an insured, since it reduces the amount of insurance otherwise available to the insured. See Def. Ex. A at 3 ($1,000,000 liability limits, plus $1,000,000 UM/UIM limits payable for "any one accident or loss"). Because the provision relied on by defendant is less favorable to the insured than those provisions permitted by statute, the provision is unenforceable. See Vega, 323 Or. at 301-02; Erickson, 331 Or. at 686.

As plaintiffs correctly point out, defendant could have written its policy to exclude from its definition of uninsured vehicle an insured vehicle, as permitted by ORS 742.504(2)(e)(A). See Def. Ex. A at 12. Having failed to include such an exclusion, defendant cannot interpret its existing policy provisions in a manner so as to exclude coverage that it chose not to exclude. Defendant's motion for summary judgment should be denied.

## IV. **RECOMMENDATION**

Based on the foregoing, it is recommended that defendant's motion for summary judgment (#9) be denied.

This recommendation is not an order that is immediately

Findings and Recommendation - Page 12

**appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order.** The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have ten days within which to file a response to the objections. **Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.**

DATED this ___15____ day of May, 2006.

_____/s/_____
UNITED STATES MAGISTRATE JUDGE