IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| JEFFREY SMITH; et al., | Civil No. 05-3084-CO |
| Plaintiffs, | FINDINGS AND RECOMMENDATION |
| v. | |
| GUIDEONE MUTUAL INSURANCE COMPANY, | |
| Defendant. | |

COONEY, Magistrate Judge:

Defendant GuideOne Mutual Insurance Company removed this action in which plaintiffs Jeffrey Smith, Karen Smith, and Kelsey Smith seek money damages under an insurance contract. Defendant has filed a counterclaim for declaratory judgment, seeking a declaration that plaintiffs are not entitled to uninsured/underinsured motorist (UM/UIM) benefits pursuant to a policy of insurance issued by it to Ashland Christian Fellowship. This court has jurisdiction pursuant to 28 U.S.C. § 1332. By Order filed on August 18, 2006, this Court's Findings and Recommendation to deny defendant's motion for

summary judgment as to its counterclaim (#9), was adopted (#29). Plaintiffs now move for partial summary judgment (#36), which is opposed by defendant.

## I. FACTS

In making the following findings of fact, the court construes the facts in the light most favorable to the non-movant:

Defendant GuideOne issued to Ashland Christian Fellowship a Business Auto Policy, No. 3761-308-ARC, in effect from February 10, 2003, to February 10, 2004. (Def. Ex. A.)

The policy provides liability coverage with a combined single limit of $1,000,000. (Def. Ex. A, p. 3.)

The policy also provides uninsured motorist/underinsured motorist ("UM/UIM") bodily injury coverage with a limit of $1,000,000 "each 'accident.'" (Def. Ex. A, pp. 3, 6, 9.)

The "Oregon Uninsured Motorists Coverage – Bodily Injury" endorsement to the policy provides in part:

> **A. Coverage**
> 1. We will pay all sums the "insured" is legally entitled to recover as compensatory damages from the owner or driver of an "uninsured motor vehicle". The damages must result from "bodily injury" sustained by the "insured" caused by an "accident". The owner's or driver's liability for these damages must result from the ownership, maintenance or use of the

Findings and Recommendation - Page 2

"uninsured motor vehicle".

(Def. Ex. A, p. 9.)

The UM/UIM endorsement states that "An Insured" include the following:

> 3. Anyone . . . "occupying" a covered "auto" or a temporary substitute for a covered "auto". . . .
> 4. Anyone . . . "occupying" an "auto" you are operating.

(Def. Ex. A, p. 9.)

The UM/UIM portion of the policy contains the following language:

> As used in this endorsement:
> . . . .
> 3. "Uninsured motor vehicle" means a land motor vehicle or trailer:
> . . . .
> b. That is an underinsured motor vehicle. An underinsured motor vehicle is a motor vehicle or trailer for which a liability bond or policy applies at the time of an "accident", but its limit for "bodily injury" liability is either:
> . . . .
> (2) Reduced by payments to others injured in the accident to an amount which is less than the limit of liability for this coverage.

(Def. Ex. A, p. 12.)

The "Limit of Insurance" section of the UM/UIM endorsement provides in part:

> 1. Regardless of the number of covered "autos", "insureds", premiums paid, claims made or vehicles involved in the "accident", the most we will pay for all damages resulting from any one "accident" is the Limit of Insurance for Uninsured Motorist Coverage shown in the Schedule or Declarations.

Findings and Recommendation - Page 3

> 2. The limit of insurance under this coverage shall be reduced by:
> . . . .
> b. All sums paid by or for anyone who is legally responsible, including all sums paid under this Coverage Form's Liability Coverage.

(Def. Ex. A, p. 10.)

On August 17, 2003, a 15-passenger van driven by Jeremy Hascall, who served as a youth pastor for Ashland Christian Fellowship, was involved in a single-vehicle accident. (Pl. Compl. ¶ 2; Def. Ex. B Abels Decl. ¶¶ 2-3.)

The van is a "covered 'auto'" for purposes of liability and UM/UIM coverage under the policy. (Def. Ex. A, pp. 3, 4, 7.)

Plaintiff Kelsey Smith was a passenger in the van at the time of the accident. (Pl. Compl. ¶ 2.)

Multiple passengers and their families, including plaintiffs, have asserted liability claims against Ashland Christian Fellowship and Hascall as a result of the accident. (Def. Ex. B, ¶ 2.)

Defendant GuideOne has tendered to claimants the $1,000,000 limit of the policy's liability coverage. (Def. Ex. B, ¶ 4.)

The current claimants, including plaintiffs, have agreed to settle their liability claims against Ashland Christian Fellowship and Hascall for amounts that include the $1,000,000 liability coverage payment tendered by defendant GuideOne. The terms of the settlement agreement currently are being

Findings and Recommendation - Page 4

finalized.  (Def. Ex. B, ¶ 5.)

While it is true that the settlement of the underlying liability claim against defendant GuideOne and its insured, Ashland Christian Fellowship, has not been consummated by payment, (Pl. Ex. A Karen Smith Decl. & Attach.), the portion of the $1,625,000 total settlement--$1,000,000 tendered by defendant GuideOne and $625,000 tendered from the Church's private funds--has been allocated among the claimants for over a year. (Pl. Ex. A, pp. 1-3.)  The share which plaintiff Kelsey Smith and her parents have agreed to accept has been set at $550,000.  (Pl. Ex. A, pp. 2, 3.)

The total value of the damages suffered by plaintiff Kelsey Smith as a result of this accident will not be totally compensated from the funds received from the liability coverage of the GuideOne policy.[1]  (Pl. Ex. B Brian Decl. & Attach.)  The fair value of the claim exceeds $2,000,000.[2]  (Pl. Ex. B, p. 2.)

Defendant has previously admitted that the policy does not contain the UM/UIM policy language permitted under Oregon law by ORS 742.504(2)(e). (Pl. Ex. B, p. 3.)

---

[1] The parties have agreed to this fact for the purposes of deciding the legal question raised by plaintiffs' motion for summary judgment.

[2] The parties have agreed that the Brian declaration is offered for the purpose of setting the factual context of the legal arguments to be considered in plaintiffs' motion; it is not offered as proof of the value of the claim and defendant is free to contest the claim's value once the legal issues have been resolved.

Findings and Recommendation - Page 5

## II. **LEGAL STANDARD**

A moving party is entitled to summary judgment as a matter of law "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issues as to any material fact . . . ." Fed. R. Civ. P. 56©); Freeman v. Oakland Unified Sch. Dist., 291 F.3d 632, 636 (9th Cir. 2002). The court cannot weigh the evidence or determine the truth but may only determine whether there is a genuine issue of fact. Playboy Enters., Inc. v. Welles, 279 F.3d 796, 800 (9th Cir. 2002).

The moving party must carry the initial burden of proof. Celotex Corp. v. Catrett, 477 U.S. 317, 322-24 (1986). The moving party meets this burden by identifying for the court portions of the record on file which demonstrate the absence of any genuine issue of material fact. Id.; Devereaux v. Abbey, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc). In assessing whether a party has met its burden, the court views the evidence in the light most favorable to the non-moving party. Allen v. City of Los Angeles, 66 F.3d 1052, 1056 (9th Cir. 1995). All reasonable inferences are drawn in favor of the non-movant. Gibson v. County of Washoe, 290 F.3d 1175, 1180 (9th Cir. 2002), cert. denied, 537 U.S. 1106 (2003).

If the moving party meets its burden with a properly supported motion,

Findings and Recommendation - Page 6

the burden then shifts to the opposing party to present specific facts which show there is a genuine issue for trial. Fed. R. Civ. P. 56(e); <u>Auvil v. CBS "60 Minutes"</u>, 67 F.3d 816, 819 (9th Cir. 1995); see <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 250 & n.4 (1986). If the moving party presents evidence which, taken by itself, would establish the right to a directed verdict at trial, the motion for summary judgment must be granted, in the absence of any significant probative evidence tending to support the opposing party's theory of the case. <u>THI-Hawaii, Inc. v. First Commerce Fin. Corp.</u>, 627 F.2d 991, 993-94 (9th Cir. 1980); <u>First Nat'l Bank v. Cities Serv. Co.</u>, 391 U.S. 253, 290 (1968). Conclusory allegations, unsupported by factual material, are insufficient to defeat a motion for summary judgment. <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposing party must, by affidavit or as otherwise provided by Rule 56, designate specific facts which show there is a genuine issue for trial. <u>Devereaux</u>, 263 F.3d at 1076.

### III. DISCUSSION

Plaintiffs move for partial summary judgment on defendant's counterclaim for declaratory judgment which seeks a declaration that plaintiffs are not entitled to UM/UIM benefits under the circumstances, and on defendant's first affirmative defense of lack of coverage under Oregon's UM/UIM statutes and second affirmative defense of reduction of insurance

Findings and Recommendation - Page 7

limits. Plaintiffs contend that the matter has been decided in their favor as the law of the case by the Court's denial of defendant's motion for summary judgment. Plaintiffs seek summary judgment declaring that underinsured motorist coverage with a policy limit of $1,000,000 is available to them in this case. In support of their motion, plaintiffs rely on the pleadings, the documents filed in connection with defendant's motion for summary judgment, and on the Court's Findings and Recommendation, the objections and response to objections, and the Order adopting the Findings and Recommendation. In response, defendant contends that plaintiffs are not entitled to UIM benefits under the circumstances, for the reasons set forth in its motion for summary judgment and objections to the Findings and Recommendation. Defendant argues that the insured vehicle involved in the accident does not qualify as an uninsured or underinsured vehicle under Oregon statutes, ORS 742.504(2)(e)(A), and because the policy provision requiring a reduction of the UM/UIM coverage limit by all sums paid under the policy's liability coverage part is no less favorable to plaintiffs than the terms of Oregon's UM/UIM statutes and is enforceable. Defendant asks the Court to reconsider its conclusion that the relevant provision in its policy is less favorable than the provisions permitted by statute and is, thus, unenforceable, and deny plaintiffs' motion. Plaintiffs reply that the policy

provision D.2.b of the UM/UIM portion of the policy–the only provision cited by defendant in support of its position--is clearly less favorable to plaintiffs because it limits coverage in a manner which is not contemplated or contained in ORS 742.504(1)-(12), and is unenforceable as found by the Court.

The broad coverage for UM/UIM insurance mandated by ORS 742.502 may be abridged as set forth in ORS 742.504(1-)(12).  ORS 742.504(1)-(12) sets out a comprehensive model UM/UIM policy which may be varied by an insurer "only in the sense that terms that disfavor insureds may be excluded or softened and extraneous terms that are neutral or that favor insureds may be added."  Vega v. Farmers Ins. Co. of Or., 323 Or. 291, 301 (1996).  ORS 742.504(1)-(12) provisions "are the only provisions that disfavor insureds that an insurer may include in a policy for UM/UIM coverage."  Vega, 323 Or. at 302.  "Insurers need not use the exact statutory wording in their policies so long as the provisions provide the limited coverage required by the statutory terms."  Erickson v. Farmers Ins. Co. of Or., 331 Or. 681, 686 (2001) (citing Vega, 323 Or. at 301-02).

When reviewing UM/UIM policy provisions, the validity of a challenged UM/UIM provision is tested by "a comparison between coverage offered by the policy containing the challenged provision and the coverage offered by

Findings and Recommendation - Page 9

a hypothetical policy containing the provisions set out at ORS 742.504(1) to (12)." Vega, 323 Or. at 299.

Where a policy provision is less favorable to an insured than ORS 742.504(1)-(12) provisions permit, the challenged policy provision is unenforceable. Erickson, 331 Or. at 686; Vega, 323 Or. at 303.

Based on the reasoning set forth in the Court's Findings and Recommendation and Order on defendant's motion for summary judgment, the Court finds that the fact that the model UM/UIM policy set forth in ORS 742.504 permits an insurer to include in its policy definitions a provision that "uninsured vehicle" does not include an insured vehicle, ORS 742.504(2)(e)(A), is of no moment since defendant did not choose to include such a provision in the policy at issue.  The Court further finds that the "Limit of insurance" provision D.2.b, which provides in pertinent part that, "The limit of insurance under this coverage shall be reduced by . . . . All sums paid by or for anyone who is legally responsible, including all sums paid under this Coverage Form's Liability Coverage," (Def. Ex. A at 10), is a general provision relating to all UM/UIM insurance and is clearly less favorable to an insured, since it reduces the amount of insurance otherwise available to the insured. See Def. Ex. A at 3 ($1,000,000 liability limits, plus $1,000,000 UM/UIM limits payable for "any one accident or loss").  Accordingly, the Court finds that

Findings and Recommendation - Page 10

provision D.2.b is unenforceable. See Vega, 323 Or. at 301-02; Erickson, 331 Or. at 686.

The Court reiterates its conclusion in its Findings and Recommendation on defendant's motion for summary judgment: having failed to include in its definition of uninsured vehicle an insured vehicle, as permitted by ORS 742.504(2)(e)(A), defendant cannot interpret its existing policy provisions in a manner so as to exclude coverage that it chose not to exclude.

Plaintiffs' motion for partial summary judgment as to defendant's counterclaim and its first and second affirmative defenses should be granted.

## IV. RECOMMENDATION

Based on the foregoing, it is recommended that plaintiffs' motion for partial summary judgment (#36) be granted.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. **Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order.** The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have ten days within which to file a response to the

Findings and Recommendation - Page 11

<u>objections</u>.  **Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.**

                                 DATED this ___28___ day of November, 2006.

                                 _____/s/_____
                                 UNITED STATES MAGISTRATE JUDGE