IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JEFFREY SMITH; et al.,                                    Civil No. 05-3084-PA

       Plaintiffs,                                              ORDER

  v.

GUIDEONE MUTUAL INSURANCE
COMPANY,

       Defendant.


PANNER, Judge:

      Following the Court's Order granting summary judgment in favor of plaintiffs and the parties' "Stipulation to Entry of Judgment," judgment was entered in favor of plaintiffs in the sum of One Million Dollars ($1,000,000.00) and their costs of action, including attorney fees. Before the Court is plaintiffs' motion for attorney fees (#75) in which they seek $333,333.33 in attorney fees or the amount of $22,635.00 at a minimum, to which defendant objects, and plaintiffs' bill of costs (#74) in which they seek $246.00 in costs. I award plaintiffs $50,000.00 in attorney's fees and $246.00 in costs.

Order - 1

## DISCUSSION

**Attorney's fees**

State law governs the award of attorney's fees in a diversity action. Kabatoff v. Safeco Ins. Co. of Am., 627 F.2d 207, 210 (9th Cir. 1980). Oregon case law instructs that a party may recover attorney's fees only if the fees were "reasonably incurred in the pursuit of (1) successful claims (2) for which fee recovery is authorized." Clausen v. M/V New Carissa, 171 F. Supp. 2d 1138, 1142 (D. Or. 2001) (and cases cited), aff'd, 339 F.3d 1049 (9th Cir. 2003). In determining a reasonable attorney's fee under Oregon law,

> (1) A court shall consider the following factors in determining whether to award attorney fees in any case in which an award of attorney fees is authorized by statute and in which the court has discretion to decide whether to award attorney fees:
> (a) The conduct of the parties in the transactions or occurrences that gave rise to the litigation, including any conduct of a party that was reckless, willful, malicious, in bad faith or illegal.
> (b) The objective reasonableness of the claims and defenses asserted by the parties.
> (c) The extent to which an award of an attorney fee in the case would deter others from asserting good faith claims or defenses in similar cases.
> (d) The extent to which an award of an attorney fee in the case would deter others from asserting meritless claims and defenses.
> (e) The objective reasonableness of the parties and the diligence of the parties and their attorneys during the proceedings.
> (f) The objective reasonableness of the parties and the diligence of the parties in pursuing settlement of the dispute.
> (g) The amount that the court has awarded as a prevailing party fee under ORS 20.190.
> (h) Such other factors as the court may consider appropriate

under the circumstances of the case.
(2) A court shall consider the factors specified in subsection (1) of this section in determining the amount of an award of attorney fees in any case in which an award of attorney fees is authorized or required by statute. In addition, the court shall consider the following factors in determining the amount of an award of attorney fees in those cases:
(a) The time and labor required in the proceeding, the novelty and difficulty of the questions involved in the proceeding and the skill needed to properly perform the legal services.
(b) The likelihood, if apparent to the client, that the acceptance of the particular employment by the attorney would preclude the attorney from taking other cases.
(c) The fee customarily charged in the locality for similar legal services.
(d) The amount involved in the controversy and the results obtained.
(e) The time limitations imposed by the client or the circumstances of the case.
(f) The nature and length of the attorney's professional relationship with the client.
(g) The experience, reputation and ability of the attorney performing the services.
(h) Whether the fee of the attorney is fixed or contingent.

ORS 20.075; see Kabatoff, 627 F.2d at 210 (citing Chalmers v. Or. Auto. Ins. Co.,

263 Or. 449, 455 (1972)).  ORS 20.075 further provides that, "(4) Nothing in this

section authorizes the award of an attorney fee in excess of a reasonable attorney

fee."

Plaintiffs seek attorney's fees pursuant to ORS 742.061, which provides in

pertinent part:

(1) Except as otherwise provided in subsections (2) and (3) of this section [not applicable here], if settlement is not made within six months from the date proof of loss is filed with an insurer and an action is brought in any court of this state upon any policy of insurance of any kind or nature, and the plaintiff's recovery exceeds the amount of any tender made by the defendant in such action, a

> reasonable amount to be fixed by the court as attorney fees shall
> be taxed as part of the costs of the action and any appeal thereon.
> . . .

Defendant contends that plaintiffs' request for $333,333.33 in fees is plainly unreasonable in the circumstances and that a fee award based on the lodestar method would reasonably and fully compensate for counsel's work and risks in this matter.  Defendant cites federal cases for the proposition that fee-shifting statutes cannot enhance a fee award above the lodestar amount to reflect that the attorney was retained on a  contingent fee basis.  However, those cases discuss federal fee shifting statutes which are not at issue in this case. Davis v. City of San Francisco, 976 F.2d 1536, 1548-49 (9th Cir. 1992) (in City of Burlington v. Dague, 505 U.S. 557 (1992), "the Supreme Court declared that the typical federal fee-shifting statutes . . . do not allow for upward adjustments to a lodestar fee on the basis that prevailing party's counsel incurred the risk of nonpayment."), vacated in part on another ground, 984 F.2d 345 (9th Cir. 1993); see Comm'r of Internal Rev. v. Banks, 543 U.S. 426, 438 (2005) (claims brought under federal statutes authorizing fee awards; "In the federal system statutory fees are typically awarded by the court under the lodestar approach.").

Under Oregon law, whether a fee agreement is fixed or contingent "shall" be considered by the court in fixing a fee award.  ORS 20.075(2)(h); see Coulter Prop. Mgmt., Inc. v. James, 160 Or. App. 390, 394 (1999) (award of fees pursuant to ORS 90.255; trial court erred in failing to consider tenant's

Order - 4

contingent fee agreement with his attorney; court must consider contingent fee arrangement along with other relevant factors affecting the reasonableness of fee award).  In Country Mutual Insurance Co. v. White, 212 Or. App. 323, 332-33 (2007), the Oregon Court of Appeals, addressing ORS 742.061, the statute at issue in this case, determined that, "By its terms, the statute makes 'reasonableness,' not a particular formula, the lodestar for an award of attorney fees to an insured who prevails in a policy claim against his or her insurer."  The Oregon Court of Appeals in Erickson v. Farmers Insurance Co. of Oregon, 175 Or. App. 548, 550 (2001), held that the trial court had not erred in awarding a statutory attorney fee which "was based primarily on her contingent fee agreement with her attorneys."

The Erickson court addressed an argument made by defendant in this case.  Defendant asserts that plaintiffs' requested fee award would equate to an hourly rate of  $3,313.45 based on the number of hours claimed and is plainly excessive.  The Erickson court found that an argument that the hourly rate is excessive when the total fee awarded based on a contingent fee agreement is divided by the hours expended, as defendant argues here,

> ignores the nature of a contingent fee practice, which includes a significant amount of time evaluating cases that are not taken, the frequent need to advance the costs of litigation, and the risk of neither receiving a fee nor being able to recover those costs in the event  of a loss . . . .

Id.; see Chalmers v. Or. Auto. Ins. Co., 263 Or. 449, 455 (1972) (discussing ORS

Order - 5

743.114, the predecessor to ORS 742.061; in determining a reasonable fee in the appeal, court "must attempt to ascertain the reasonable value of such services, based not only upon the amount of time required, but also such additional factors as the novelty and difficulty of the question involved, the amount involved and the result obtained, among other factors.")

Applying the relevant factors to a determination of a reasonable attorney's fee in this case, I find that this case presented a rather complex issue of liability; the attorneys on both sides were entirely proper in arguing their positions strenuously; and the amount involved in this case made it difficult for the parties to pursue settlement. I considered the significance of the award to plaintiffs in light of the injuries to plaintiff Kelsey Smith, and the difficulties of recovering any money. Also considered was the skill and abilities of plaintiffs' lawyers. Plaintiffs' attorneys are experienced, have good ability, and have a good reputation in the community. Further, the questions in this case were novel and required skill by plaintiffs' counsel in presenting plaintiffs' case. I have also considered the fact that plaintiffs' attorney's fee is based on a contingent fee agreement between plaintiffs and counsel.

The Court finds that the $225.00 hourly rate of Mr. Black is a reasonable rate in light of his experience.

Defendant objects to some of the hours charged by plaintiffs' counsel for

certain services as excessive.  The Court has considered defendant's objections and declines to reduce the hours submitted by plaintiffs' counsel.

Consideration of counsel's itemized attorney time at counsel's hourly rate of $225.00 results in a fee of $22,635.00.

In the circumstances, considering all of the above, I find that the contingent attorney's fee requested of $333,333.33 is not reasonable.  I also find that a $22,635.00 attorney's fee, based on an itemization of hours spent in the case, not adequate in the circumstances.  In light of all the foregoing, I find that a fee of $50,000.00 is a reasonable attorney's fee in this case.

**Costs**

Pursuant to Federal Rules of Civil Procedure 54(d), a federal court may tax specific items as costs against a losing party as stated in 28 U.S.C. §§ 1920 and 1821.  Twentieth Century Fox Film Corp. v. Entm't Distrib., 429 F.3d 869, 885 (9th Cir. 2005) (citing Crawford Fitting Co. v. J. T. Gibbons, Inc., 482 U.S. 437, 445 (1987)), cert. denied, ___ U.S. ___, 126 S. Ct. 2932 (2006).  The court has broad discretion to allow or to disallow a prevailing party to recoup costs of litigation, but the court may not tax costs beyond those authorized by § 1920. See Frederick v. City of Portland, 162 F.R.D. 139, 142 (D. Or. 1995).

Plaintiffs seek $206.00 for fees of the clerk[1] and $40.00 for fees for service of summons.  Defendant has not filed any objection to these costs.  A

---

[1]  This case was filed in state court and removed to federal court by defendant.

review of the costs sought indicates that the costs are proper. Accordingly, the costs requested, in the amount of $246.00, are allowed.

## **ORDER**

Based on the foregoing, it is ordered that plaintiffs' motion for attorney fees (#75) is granted; plaintiffs are awarded $50,000.00 in attorney's fees, and $246.00 in costs.

DATED this __14____ day of November, 2007.


____/s/ Owen M. Panner_____
OWEN M. PANNER
UNITED STATES DISTRICT JUDGE

Order - 8